**In re Leonard WORTHEN and Ethel Worthen, Debtors.**

**Bankruptcy No. 1–82–01128.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 17, 1982.

Paul J. Vesper, Covington, Ky., for First Nat. Bank of Cincinnati.

Courtland E. Marshall, Cincinnati, Ohio, for debtors.

William R. Schumacher, Cincinnati, Ohio, trustee.

### DECISION AND ORDER ON OBJECTION TO CONFIRMATION.

BURTON PERLMAN, Bankruptcy Judge.

Debtors in this Chapter 13 case filed a plan which came on for confirmation at an appropriate hearing. An objection to confirmation was timely filed by an unsecured creditor, First National Bank of Cincinnati. A hearing was held on the objection and subsequent thereto memoranda were filed by the First National Bank and by the Debtors.

The essence of the position of the Bank is that the plan ought not to be confirmed because there is not compliance with 11 U.S.C. § 1325(a)(4), a statutory statement embodying the "best interests of creditors" test. That is, it is there provided that:

"The court shall confirm a plan if—

\*     \*     \*     \*     \*     \*

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date;"

At the hearing, counsel for the Bank represented that Debtors own equity in two parcels of real estate in an amount which, upon liquidation, would fully satisfy all unsecured creditors. This position was not contested by debtors.

The plan proposes that unsecured creditors be paid 100% of their claims over a five year period. Manifestly, notwithstanding this provision of plan, the best interest test is not met. Payment of an amount over a five year period is of less value than payment in full today.

In a recent case, *In re Hardy*, Case No. 1–82–02246 (B.J.S.D., Oh. Oct. 22, 1982) unreported, we had occasion to consider the same question and denied confirmation of the plan. The Bank in this case, however, requests not denial of confirmation, but rather that it be granted such interest as would, over the period of the plan, pay it not less than the amount which it would receive upon a present liquidation. We do not conceive it properly to be the role of the court to mandate amendment of a plan submitted by a debtor. Our role is to confirm or deny confirmation.

Confirmation is denied. Debtors shall have twenty days to file an amended plan in the absence of which the case will be dismissed.

SO ORDERED.